Annick M. Persinger (SBN 272996)
TYCKO & ZAVAREEI LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510-254-6808 (p)
202-973-0950 (f)
apersinger@tzlegal.com

Hassan A. Zavareei (SBN 181547)
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, D.C. 20036
202-973-0900 (p)
202-973-0950 (f)
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA SILVEIRA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>M&T BANK,<br><br>Defendant. | **Case No. 2:19-cv-06958**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**Action for Breach of Contract; Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq; Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq.** |

Plaintiff Lisa Silveira, on behalf of herself and all others similarly situated, alleges breach of contract, violations of the Rosenthal Fair Debt Collection Practices Act, and Federal Fair Debt Collection Practices Act, against Defendant M&T Bank ("M&T"). In support of these claims, Plaintiff states as follows:

## NATURE OF THE ACTION

1. Borrowers in California struggle enough to make their regular mortgage payments without getting charged extra, illegal fees when they try to pay by automated phone system or online ("Pay-to-Pay fees"). Many borrowers pay by phone or online because it generates a receipt of the payment and a clear record. M&T charges California homeowners an excessive $15.00 Pay-to-Pay fee for each pay-by-phone mortgage payment transaction ("Pay-to-Pay Transaction"). The actual cost for M&T to process these transactions is well below $15.00, and M&T pockets the profit.

2. M&T services mortgages throughout the United States, including California. Despite its uniform contractual obligations to charge only fees explicitly allowed under the mortgage, applicable law, and only those amounts actually disbursed, M&T leverages its position of power over homeowners and demands excessive Pay-to-Pay fees. Even if some fee were allowed, the mortgage uniform covenants allow M&T to pass along only the actual cost of fees incurred by it to the borrower – here only a few cents.

3. M&T must be held accountable for its actions. It knowingly violated the FDCPA and Rosenthal Fair Debt Collection Practices Act by demanding excessive Pay-to-Pay fees, and breached its mortgage contract by charging fees not expressly allowed under the uniform contractual obligations contained in standard form mortgage agreements.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction because M&T conducts business in California and commits torts in California, as described in this Complaint.

5. Venue is proper because this is where the cause of action accrued.

## PARTIES

6. Plaintiff Lisa Silveira is a natural person residing in California who has a mortgage loan serviced by M&T on her home located in San Luis Obispo County, California.

7. Defendant M&T Bank is a corporation with a principal place of business in Buffalo, New York.

## APPLICABLE LAW

**FDCPA**

8. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

9. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e.

10. The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

11. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

12. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

13. The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." *Id.* § 1692a(6).

14. The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

15. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." *Id.* § 1692a(5).

**ROSENTHAL ACT**

16. The Rosenthal Act is "a remedial statute [that] should be interpreted broadly in order to effectuate its purpose." (*See People ex rel. Lungren v. Superior Court,* 14 Cal.4th 294, 313, 58 Cal.Rptr.2d 855, 926 P.2d 1042 (Cal. 1996) ("civil statutes for the protection of the public are, generally, broadly construed in

favor of that protective purpose."); *Komarova v. National Credit Acceptance, Inc.*, 95 Cal.Rptr.3d 880, 892, 175 Cal.App.4th 324, 340 (Cal.App. 1 Dist. 2009).

17. The Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. Cal. Civ. Code §1788.2(c).

18. The Rosenthal Act defines a "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code §1788.2(f).

19. The Rosenthal Act defines "consumer credit transaction" as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code §1788.2(e).

20. The Rosenthal Act makes it illegal for any entity covered by it to violate the federal FDCPA. Cal. Civ. Code § 1788.17. By violating the FDCPA, M&T also violated the Rosenthal Act.

21. The Rosenthal Act prohibits "(b) Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14.

22. The Rosenthal Act also makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

## FACTUAL ALLEGATIONS

23. On or around December 29, 2008, Ms. Silveira purchased a home in San Luis Obispo County, California through a loan from Stearns Lending, Inc., secured by a mortgage on the property (the "Mortgage Agreement"). In 2016, M&T acquired the loan in default. M&T is the servicer on the loan.

24. Since M&T acquired the loan in default, and because M&T otherwise meets the two-part definition of a "debt collector" under the FDCPA, M&T is a debt collector. M&T's principle purpose is to

collect debt. M&T used interstate commerce to collect debt. And M&T regularly collects debts which are owed and due another.

25. In 2017, Ms. Silveira obtained a loan modification. Since then, she has made timely mortgage payments.

26. Ms. Silveira frequently makes her monthly mortgage payments over the phone (the "Pay-to-Pay Transactions"). When Ms. Silveira makes a mortgage payment over the phone, M&T charges her a $15.00 additional fee. This fee is not authorized by the Mortgage Agreement.

27. Ms. Silveira has made several payments over the phone and incurred an illegal $15.00 fee each time, including on March 1, 2017, December 1, 2017, February 1, 2018, July 2, 2018, April 15, 2019.

28. Ms. Silveira's Mortgage Agreement is attached as Exhibit A.

29. M&T's demand for payment of Pay-to-Pay fees were a direct breach of Paragraph 16 of the Mortgage Agreement, "This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located." *See* Exhibit A, ¶16. M&T's collection of Pay-to-Pay fees violated both the FDCPA and Rosenthal Act.

30. If M&T is allowed to collect a fee under the auspice that it is a "default related fee", M&T's demand for payment of Pay-to-Pay fees were a direct breach of Paragraph 9 of the Mortgage Agreement, "Protection of Lender's Interest in the Property and Rights Under This Security Instrument" section, stating that only "amounts *disbursed* by the lender under this Section 9 will become debt of the borrower." *See* Exhibit A, ¶9 (emphasis added). M&T collected more than the amount it disbursed to process the Pay-to-pay transactions.

31. M&T's demand for payment of Pay-to-Pay fees were a direct breach of Paragraph 14 of its Mortgage Agreement, "Uniform Covenants" section, stating that lender may not charge fees prohibited by "Applicable Law." The Agreement defines "Applicable Law" in Paragraph I as "all controlling applicable federal, state, and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." *See* Exhibit A, ¶14.

32. By charging Pay-to-Pay fees, M&T has violated the "Governing Law" and "Applicable Law" provisions. Charging Pay-to-Pay fees violates the Federal FDCPA and the RFDCPA because the Mortgage

Agreement does not expressly allow M&T to charge Pay-to-Pay fees. *See* 15 U.S.C. § 1692f (making it illegal to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"); Cal. Civ. Code § 1788.13(e) (making it illegal to falsely represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation"). *See also Sanders v. LoanCare LLC*, No. 18-CV-09376, 2019 WL 441964, at *2 (C.D. Cal. Feb. 1, 2019) (holding that loan servicer's practice of assessing fees not expressly authorized by the plaintiff's mortgage violated the RFDCPA and FDCPA); *Bagdasaryan v. Bayview Loan Servicing, LLC*, No. CV 14-06691 SJO (VBKx), 2015 WL 13665037, at *13 (C.D. Cal. Oct. 19, 2015) (allegation that mortgage servicer charged improper fees to mortgage stated a claim under Cal. Civ. Code § 1788.13(e)). By violating federal law and the law of California, M&T has not only violated those statutes, but also breached the Mortgage Agreement.

33. Because the "Governing Law" (¶16) "Protection of Lender's Interest in the Property and Rights Under This Security Instrument" (¶9) and "Applicable Law" (¶14) provisions are contained in the "Uniform Covenants" section, M&T has breached its contract on a class-wide basis.

34. Prior to filing this Complaint, Ms. Silviera made a written pre-suit demand upon M&T.

35. M&T was given a reasonable opportunity to cure the breaches complained of herein, but has failed to do so.

## CLASS ACTION ALLEGATIONS

36. Plaintiff Silveira brings this action under Federal Rule of Civil Procedure 23 on behalf of the following classes of persons (the "Classes"), subject to modification after discovery and case development:

**Nationwide FDCPA Class:** All persons who were borrowers on residential mortgage loans that were not owned by M&T and to which M&T acquired servicing rights when such loans were 30 days or more delinquent on loan payment obligations, and paid a fee to M&T for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations for Plaintiff's FDCPA claim through the date a class is certified.

**California Class:** All persons with a California address who were borrowers on residential mortgage loans to which M&T acquired servicing rights, and paid a fee to M&T for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations for Plaintiff's UCL claim through the date a class is certified.

**California Subclass:** All persons with a California address who were borrowers on residential mortgage loans that were not owned by M&T and to which M&T acquired servicing rights when such loans were 30 days or more delinquent on loan payment obligations, and paid a fee to M&T for

making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations for Plaintiff's UCL claim through the date a class is certified.

37. Class members are identifiable through Defendant's records and payment databases.

38. Excluded from the classes are the Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

39. Representative Plaintiffs proposes that they serve as class representatives.

40. Representative Plaintiffs and the Class have all been harmed by the actions of Defendant.

41. Numerosity is satisfied. According to M&T's servicing records there are thousands of class members. Individual joinder of these persons is impracticable.

42. There are questions of law and fact common to Representative Plaintiffs and to the Class, including, but not limited to:

    a. Whether M&T assessed Pay-to-Pay fees on Class members;

    b. Whether M&T breached its contracts with borrowers by charging Pay-to-Pay fees not authorized by their mortgage agreements;

    c. Whether M&T violated the FDCPA by charging Pay-to-Pay fees not due;

    d. Whether M&T violated the RFDCPA by charging Pay-to-Pay fees not due;

    e. Whether M&T violated the UCL;

    f. Whether M&T's cost to process Pay-to-Pay Transactions is less than the amount that it charged for Pay-to-Pay fees;

    g. Whether Ms. Silveira and the Classes were damaged by M&T's conduct;

    h. Whether Ms. Silveira and the Classes are entitled to actual and/or statutory damages as a result of M&T's actions;

    i. Whether Ms. Silveira and the Classes are entitled to restitution;

    j. Whether Ms. Silveira and the Classes are entitled to attorney's fees and costs.

43. Ms. Silveira's claims are typical of the claims of the Class members. M&T charged her Pay-to-Pay fees in the same manner as the rest of the Class members. Ms. Silveira and the Class members entered into uniform covenants in their Mortgage Agreements that prohibit Pay-to-Pay charges or, at most,

1  cap the amount of Pay-to-Pay fees allowed to be charged at the actual amount disbursed by M&T to process
2  Pay-to-Pay Transactions.

3  44. Ms. Silveira is an adequate class representative because her interests do not conflict with the
4  interests of the class members and she will adequately and fairly protect the interests of the class members.
5  Ms. Silveira has taken actions before filing this amended complaint, by hiring skilled and experienced
6  counsel, and by making a pre-suit demand on behalf of class members to protect the interests of the class.

7  45. Ms. Silveira has hired counsel that is skilled and experienced in class actions and are adequate
8  class counsel capable of protecting the interests of the class members.

9  46. Common questions of law and fact predominate over questions affecting only individual
10 class members, and a class action is the superior method for fair and efficient adjudication of this
11 controversy.

12 47. The likelihood that individual members of the class will prosecute separate actions is remote
13 due to the time and expense necessary to conduct such litigation.

**COUNT I**
**Breach of Contract**
**On Behalf of Plaintiff and the California Class**

16 48. All previous paragraphs are hereby incorporated by reference.

17 49. Ms. Silveira purchased a home subject to the Mortgage Agreement. *See* Exh. A.

18 50. When M&T became servicer of her mortgage, it became a party to the Mortgage Agreement.
19 Thus, M&T entered into the Mortgage Agreement with Ms. Silveira whereby money was lent to Ms. Silveira
20 to purchase property in exchange for certain payment over time.

21 51. The Uniform Covenant in the Mortgage Agreement proscribes fees not allowed under the
22 governing law. Paragraph 7 of the Mortgage Agreement, "Charges to Borrower and Protection of Lender's
23 Rights in the Property," provides only that "amounts *disbursed* by the lender" will be come debt of the
24 borrower. *See* Exh. A ¶ 7 (emphasis added).

25 52. Thus, the Uniform Covenant in the Mortgage Agreement allows M&T to charge only the
26 amounts actually disbursed to pay for the cost of processing the Pay-to-Pay transactions. Despite this

express limitation, M&T assessed $15.00 Pay-to-Pay fees not agreed to in the Mortgage agreement and in excess of the amounts actually disbursed by M&T to pay for the cost of the Pay-to-Pay Transactions.

53. M&T breached its contracts with Plaintiff and the California Breach of Contract Class members when it charged pay-to-Pay fees not agreed to in the Mortgage Agreement and in excess of the amounts actually disbursed by M&T to pay for the cost of Pay-to-Pay Transactions.

54. M&T's demand for Pay-to-Pay fees is also a direct breach of Paragraph 14 of the Mortgage Agreement, "Governing Law." Paragraph 14 states that the Mortgage Agreement "shall be governed by Federal law and the law of the jurisdiction in which the property is located," i.e., California. *See* Exh. A ¶ 14. Charging Pay-to-Pay fees violates the Federal FDCPA and the RFDCPA because the Mortgage Agreement does not expressly allow M&T to charge Pay-to-Pay fees. *See* 15 U.S.C. § 1692f (making it illegal to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"); Cal. Civ. Code § 1788.13(e) (making it illegal to falsely represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation").

55. By violating the Federal FDCPA and the RFDCPA, M&T violated the Governing Law and breached the Mortgage Agreement.

56. Plaintiff and the California Breach of Contract Class members were harmed by this breach.

**COUNT II**
**Violation of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692 *et seq.***
**On behalf of Plaintiff and the Nationwide FDCPA Class**

57. All previous paragraphs are hereby incorporated by reference.

58. This action is maintainable as a nationwide class action pursuant to 15 U.S.C. § 1692k(a)(2)(b).

59. The FDCPA makes it an illegal, unfair practice for a debt collector to undertake the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

60. Because M&T regularly collects debts owed others and because it acquired the loans of Plaintiff and the Nationwide Class members while those loans were in default, it qualifies as a debt collector under the FDCPA.

61. The Mortgage Agreements of Plaintiff and the Nationwide Class members do not expressly authorize M&T to collect Pay-to-Pay fees. At most, the Mortgage Agreements permit M&T to collect the actual amount disbursed to process the Pay-to-Pay transactions.

62. Although the Mortgage Agreements do not expressly authorize collection of Pay-to-pay fees, M&T collected such fees anyway.

63. In so doing, M&T violated 15 U.S.C. § 1692f(1).

64. As a result of each and every violation of the FDCPA, Plaintiff and the Nationwide Class members are entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages for knowing or willful violation in the amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3) from M&T.

**COUNT III**
**Violation of the Rosenthal Fair Debt Collection Practices Act**
**Cal. Civ. Code §§ 1788 *et seq.* (RFDCPA)**
**On behalf of Plaintiff and the California Class**

65. All previous paragraphs are hereby incorporated by reference.

66. The RFDCPA applies to M&T because it regularly engages in debt collection as defined by the statute. Cal. Civ. Code § 1788.2.

67. By charging the Pay-to-Pay fee, a portion of which it retains, M&T acted in violation of the federal Fair Debt Collection Practices Act, which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

68. The Mortgage Agreements of Plaintiff and the Nationwide Class members do not expressly authorize M&T to collect Pay-to-Pay fees. At most, the Mortgage Agreements permit M&T to collect the actual amount disbursed to process the Pay-to-Pay transactions.

69. Although the Mortgage Agreements do not expressly authorize collection of Pay-to-pay fees, M&T collected such fees anyway.

70. In so doing, M&T violated 15 U.S.C. § 1692f.

71. The RFDCPA makes it illegal for any entity covered by the RFDCPA to violate the federal FDCPA. Cal. Civ. Code § 1788.17. By violating the FDCPA, M&T violated the RFDCPA.

72. The RFDCPA also makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

73. By assessing Pay-to-Pay fees, M&T represented that the mortgage loans of the Plaintiff and the California Default Subclass that their debts may be increased by the addition of the Pay-to-Pay fees, even though Pay-to-Pay fees may not be legally added to the existing obligation.

74. This conduct violated Civil Code § 1788.13.

75. As a result of each and every violation of the RFDCPA, Plaintiff and the California Default Class Members are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a), statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to California Civil Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from M&T.

**COUNT IV**
**Violation of the "Unlawful" Prong of the UCL**
**On behalf of Plaintiff and the California Class and California Subclass**

76. All previous paragraphs are hereby incorporated by reference.

77. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

78. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

79. As described in detail above, M&T's conduct described herein violates the FDCPA and the RFDCPA. These violations are sufficient to support Plaintiff's claim under the unlawful prong of the UCL.

80. As a result of the conduct above, M&T has been unjustly enriched at the expense of Plaintiff and members of the California Default Subclass. Specifically, M&T has been unjustly enriched by obtaining revenues and profits that it would not have otherwise obtained absent its false, misleading and deceptive conduct.

81. Through its unlawful acts and practices, M&T has improperly obtained money from Plaintiff and the California Default Subclass. As such, Plaintiff requests that the Court cause M&T to restore the money to Plaintiff and the California Default Subclass members, and to enjoin M&T from continuing to violate the UCL in the future. Otherwise, Plaintiff and the members of the California Default Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and others similarly situated, respectfully requests that the Court:

82. Certify the proposed Classes and Subclass pursuant to Rule 23 of the Federal Rules of Civil Procedure;

83. Award damages, including compensatory and exemplary damages, to Plaintiff and the Classes in an amount to be determined at trial;

84. Award statutory damages and/or penalties to Plaintiff and the proposed Classes and Subclasses;

85. Permanently enjoin M&T from the wrongful and unlawful conduct alleged herein;

86. Award Plaintiff and the Class and Subclass members their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

87. Award pre- and post-judgment interest to the extent provided by law; and

88. Award such further relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

[Signature on next page]

Dated: August 9, 2019 Respectfully Submitted,

/s/ *Hassan A. Zavareei*
Hassan A. Zavareei

*Counsel for Plaintiff*
*Lisa Silveira*