Hassan A. Zavareei (SBN 181547)
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, D.C. 20036
Telephone: 202-973-0900
Facsimile: 202-973-0950
hzavareei@tzlegal.com

James L. Kauffman (*pro hac vice*)
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, D.C. 20007
Telephone: 202-463-2101
Facsimile: 202-463-2103
jkauffman@tzlegal.com

Counsel for Plaintiff

[*Additional counsel in signature block*]

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA SILVEIRA, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>M&T BANK,<br><br>Defendant. | Case No. 2:19-cv-06958-ODW-KS<br><br>**PLAINTIFF'S NOTICE OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Courtroom: 5D<br>Judge: Hon. Otis Wright, II<br><br>Date Filed: August 9, 2019<br>Trial Date: None set |

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT -
Case No. 2:19-cv-06958-ODW-KS

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. LITIGATION AND SETTLEMENT HISTORY ................................................2

III. SUMMARY OF THE SETTLEMENT BENEFITS .........................................4

IV. CLASS NOTICE WAS PROVIDED AS DIRECTED BY THE COURT ...............4

V. THE LEGAL STANDARD FOR FINAL APPROVAL ....................................5

VI. THE AGREEMENT IS FAIR AND REASONABLE .....................................6

    A. A presumption of fairness applies to the Settlement .........................................6

        1. The Settlement was negotiated at arm's length. ..................................7

        2. The Settlement followed extensive investigation and discovery. ..........7

        3. Experienced Class Counsel negotiated the Settlement .........................7

    B. The Settlement is Adequate Under *Briseno* ......................................................8

    C. Additional criteria favor approval of the Settlement .........................................8

        1. The Settlement provides substantial relief to the Class. .......................9

        2. The Settlement eliminates the risk of no recovery. ..............................9

        3. The Settlement compares favorably to potential relief. ....................10

        4. The Settlement enjoys overwhelming class support. .........................12

    D. Any *Cy Pres* Award Will Benefit the Class. ..................................................13

VII. THE CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES ......13

VIII. CONCLUSION ..............................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Inter-Con Sec. Sys. Inc.*,
  No. C-06-5428 MHP, 2007 WL 3225466 (N.D. Cal. Oct. 30, 2007) ............................. 7

*Briseno v. Henderson*,
  998 F.3d 1014, 1023-24 (9th Cir. 2021) ................................................................. 6, 8

*Churchill Vill., L.L.C. v. Gen. Elec.*,
  361 F.3d 566, 577 (9th Cir. 2004) ........................................................................... 12

*Custom LED, LLC v. eBay, Inc.*,
  No. 12-cv-00350-JST, 2014 WL 2916871 (N.D. Cal. June 24, 2014) ..................... 11

*De Leon v. Ricoh USA, Inc.*,
  No. 18-cv-03725-JSC, 2020 WL 1531331 (N.D. Cal. Mar. 31, 2020) ..................... 12

*Garcia v. Nationstar Mortgage LLC*,
  No. 2:15-cv-01808 TSZ (W.D. Wash.) .................................................................... 11

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011, 1026 (9th Cir. 1998) ................................................................ 5, 8, 12

*In re Anthem, Inc. Data Breach Litig.*,
  327 F.R.D. 299, 318 (N.D. Cal. 2018) ....................................................................... 9

*In re Bluetooth Headset Products Liability Litigation*,
  64 F.3d 935, 947 (9th Cir. 2011) ....................................................................... 1, 6, 8

*In re Hyundai and Kia Fuel Economy Litig.*,
  926 F.3d 539, 556 (9th Cir. 2019) ............................................................................. 5

*In re: Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454, 459 (9th Cir. 2000) ........................................................................... 12

*Lane v. Facebook, Inc.*,
  696 F.3d 811, 819 (9th Cir. 2012) ............................................................................. 8

*McWhorter v. Ocwen Loan Servicing, LLC*,
  No. 2:15-cv-1831, 2017 WL 4304625 (N.D. Ala. Sept. 28, 2017) ........................... 11

*Montesi v. Seretus, Inc.*,
  No. 2015CA010910, 2020 WL 1951751 (Fla. Cir. Ct. Apr. 1, 2020) ....................... 11

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523, 528 (C.D. Cal. 2004) ................................................................. 6, 9, 10

*Officers for Justice v. Civ. Serv. Comm'n of City and County of San Francisco*,
  688 F.2d 615, 625 (9th Cir. 1982) ...................................................................... 1, 6, 10

*Perkins v. LinkedIn Corp.*,
  No. 5:13-cv-04303-LHK, 2016 WL 613255 (N.D. Cal. Feb. 16, 2016) ........................ 12

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948, 965 (9th Cir. 2009) ................................................................................ 6

*Sanders v. LoanCare, LLC*,
  No. 2:18-cv-09376-PA (RAOx) (C.D. Cal. Dec. 4, 2020) ............................................ 11

*Six Mexican Workers v. Az. Citrus Growers*,
  904 F.2d 1301, 1311 (9th Cir. 1990) ............................................................................ 8

*Stewart v. Applied Materials, Inc.*,
  No. 15-cv-02632-JST, 2017 WL 3670711 (N.D. Cal. Aug. 25, 2017) ........................... 7

**Rules**

FED. R. CIV. P. 23(E)(2)(C)(III) ........................................................................................ 6

# NOTICE OF MOTION AND MOTION
# FOR FINAL APPROVAL OF SETTLEMENT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 27, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Judge Otis Wright, II of the United States District Court for the Central District of California, Plaintiff Lisa Silveira, by and through her undersigned counsel of record, will and hereby does move the Court for an order granting final approval of the parties' proposed Settlement Agreement and Release and exhibits thereto, dated May 26, 2020.[1]

This Motion is based on Federal Rule of Civil Procedure 23, this Notice of Motion, the supporting Memorandum of Points and Authorities, the Settlement Agreement, the accompanying declaration of Cameron R. Azari ("Azari Decl."), the pleadings and papers on file in this action, and any additional information or argument as the Court may consider.

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Settlement Agreement.

# MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Lisa Silveira ("Ms. Silveira" or "Class Representative"), by and through Class Counsel, respectfully seeks final approval of the proposed nationwide class Settlement Agreement and Release ("Agreement"), which resolves claims arising out of Defendant M&T Bank's ("M&T") practice of charging fees for making mortgage payments over the phone or online ("Pay-to-Pay Fees"). The Settlement achieves an excellent result for the Class, as it establishes a $3,325,000 Common Fund that will provide cash payments to class members, and cover administration costs, reasonable attorney's fees and expenses, and a service award. May 27, 2020 Declaration of Hassan Zavareei, ECF No. 21-2 ("Zavareei Prelim. Approval Decl."), Ex. 1, Agreement § 3. And, because of the lawsuit, M&T stopped charging the fees. After a robust direct notice campaign, there were only ten opt-outs and no objections, demonstrating the fairness of the Settlement as a whole.

The Settlement is "fair, reasonable, and adequate to all concerned" and therefore merits final approval. *Officers for Justice v. Civ. Serv. Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Indeed, the Settlement avoids any of the potential "red flags" identified by the Ninth Circuit in *In re Bluetooth Headset Products Liability Litigation*, 64 F.3d 935, 947 (9th Cir. 2011). Here, the parties did not discuss any award of attorneys' fees during their arms-length negotiations with a mediator, and there is no clear sailing provision that prevents M&T from challenging the fee award. Indeed, the fee award still leaves a settlement fund that provides adequate compensation of the class, maximizes redemption by automatically paying class members instead of requiring them to submit claims and provides that no portion of the settlement fund will revert to M&T. This Settlement is a superb result for the class, considering the hotly contested legal theories that made continued litigation risky, with the chance of no recovery at all.

On May 6, 2021, the Court preliminarily approved the Settlement. Since then, the Parties have complied with the Agreement and the Court's Preliminary Approval Order and provided notice to the class. The response rate confirms that the Class Notice effectively provided the best notice practicable as required by due process. Indeed, there have been 1,507 unique visitors to the settlement website, and 1,632 calls to the administrator. Azari Decl. ¶¶ 16-17.

The response to the Settlement has been overwhelmingly favorable. The deadline to request exclusion from the Settlement or to object to the Settlement was August 3, 2021. As of August 27, 2021, only ten Class Members have requested exclusion from the Class. *Id.* ¶ 19. No Class Member has objected to the settlement. *Id.*

For all of these reasons and the reasons set forth below, Ms. Silveira submits that the Settlement is fair, adequate, and reasonable, and should be finally approved. Therefore, Ms. Silveira respectfully requests that this court: (1) grant this Motion, (2) finally approve the proposed Settlement, (3) affirm the certification of the Settlement Class for settlement purposes only, (4) affirm the appointment of Lisa Silveira as Class Representative, (5) affirm the appointment Hassan A. Zavareei of Tycko & Zavareei LLP and James L. Kauffman of Bailey Glasser LLP as Class Counsel, (6) retain jurisdiction over this matter to resolve issues related to interpretation, administration, implementation, effectuation, and enforcement of the Settlement, and (7) enter Final Judgment dismissing this action.[2]

## II. LITIGATION AND SETTLEMENT HISTORY

Ms. Silveira commenced this litigation on August 9, 2019 by filing a complaint in this court on behalf of herself and other similarly situated borrowers. Complaint ("Compl."), ECF No. 1. The complaint alleged that M&T Bank charged borrowers an unlawful and excessive $15.00 fee to pay their mortgage payments online or by phone. The actual cost to M&T to process these transactions is well below $15.00, and M&T

---

[2] As set forth in Plaintiff's July 21, 2021 motion for attorneys' fees, costs, and service award, ECF No. 37, in connection with this settlement, Ms. Silveira requests an award of $857,172.03 in attorneys' fees and costs and $5,000 in a service award.

keeps the difference. Ms. Silveira alleged that these Pay-to-Pay Fees violated the Fair Debt Collection Protections Act ("FDCPA") and the Rosenthal Act, because the fees were not expressly authorized by the mortgage or permitted by law, and the fees represented M&T's fees for collecting payments. *See id.* ¶¶ 10, 20, 21.

In October 2019, after lengthy discussions, the Parties agreed to engage in mediation with the assistance of the Honorable Edward A. Infante (Ret.), an experienced class action mediator, to explore whether a negotiated resolution was possible. The Parties participated in two full days of hard-fought negotiations before Judge Infante on October 24, 2019 and on February 5, 2020. After the second day of mediation, the Parties reached an agreement in principal and signed a term sheet. The Parties continued to negotiate the specific terms and language of the agreement over the following months. Notably, there was no "clear sailing" provision in any of the terms negotiated by the Parties. *See* Agreement § 8.1. Moreover, the Parties did not discuss attorneys' fees or reimbursement of litigation costs until after they agreed on material terms. *See* Zavareei Prelim. Approval Decl. ¶ 8.

The Settlement Agreement was executed on May 26, 2020. Ms. Silveira filed a Motion for Preliminary Approval of the Class Settlement. ECF No. 21. The Court denied the Motion, raising concerns about the amount of the Settlement Fund, the upper limit of the proposed Attorneys' Fees, the proposed cap on the Service Award to be requested, and the form and manner of delivery of the proposed Class Notice. ECF No. 29. Accordingly, when Ms. Silveira filed an Amended Motion for Preliminary Approval of the Class Action Settlement, ECF No. 30, in which M&T joined, ECF No. 31, the Parties submitted information demonstrating that the amount of the Settlement Fund represents 34.7% of the Pay-to-Pay Fees collected by M&T during the Class Period. Further, Class Counsel agreed not to seek attorneys' fees exceeding 25% of the Settlement Fund. In addition, Ms. Silveira agreed not to seek a Service Award greater than $5,000. Finally, the Parties

revised the Class Notice to better distinguish it from junk mail. On May 6, 2021, the Court granted preliminary approval of the Settlement. ECF No. 35.

### III. SUMMARY OF THE SETTLEMENT BENEFITS

The proposed Agreement establishes a $3,325,000 Common Fund to benefit the class. The Common Fund shall be used to make Settlement Payments, and to pay any Fee and Expense Award, any Service Awards, and all Administrative Costs. Agreement § 3.2.3. The Common Fund represents 34.7% of the total $9,581,409.20 Pay-to-Pay Fees collected by M&T from borrowers in the United States during the class period. After payment of costs of administration and notice and any fees, expenses, and service award authorized by the Court, Settlement Class members are entitled to receive monetary benefits from the Net Settlement Fund on a pro rata basis, based upon the amount of Pay-to-Pay Fees paid by each Settlement Class Member during the Class Period. Agreement § 5.3.

### IV. CLASS NOTICE WAS PROVIDED AS DIRECTED BY THE COURT

After preliminary approval, the Parties provided Notice of the Settlement in conformance with this Court's Preliminary Approval and Provisional Class Certification Order. M&T provided Epiq with the Settlement Class Member List containing names, loan numbers, and last known mailing addresses for each Class Member. Azari Decl. ¶ 7. Then, beginning on June 4, 2021, Epiq provided the Court approved Notice Plan to the Class as follows: (1) checked all mailing addresses against the National Change of Address database maintained by the USPS; (2) certified the mailing addresses via the Coding Accuracy Support System and verify the accuracy of the address through Delivery Point Validation; (3) sent 110,857 Long Form Notices via USPS first class mail to all members of the Settlement Class with an associated physical address; and (4) sent eighteen

---

[3] As described in detail in the Agreement, residual funds may be redistributed to eligible class members on a pro rata basis, if there are sufficient funds remaining. Otherwise, they will be distributed as cy pres awards, subject to the Court's approval. See Agreement § 5.9.

Long Form Notices to all persons who requested one via telephone or by mail. Azari Decl. ¶¶ 10, 12, 13. For Notices returned as undeliverable, Epiq re-mailed the Notices to any new address available through USPS information or through third-party address lookup services. As of August 29, 2021, Epiq has re-mailed 1,546 Notices to Class Members where a forwarding address was provided or research identified a new address. As of August 29, 2021, Epiq has received a total of 2,471 undeliverable Notices, including re-mailed notices that were returned as undeliverable. Azari Decl. ¶ 14.

The Court-approved notices informed Class Members about the proposed Settlement, their rights as to the $3,325,000 Settlement Amount, their rights to object or opt-out of the Settlement, and the prospective request for attorneys' fees and expenses and a service award. *Id.* at Exs. A, B.

## V.     THE LEGAL STANDARD FOR FINAL APPROVAL

The law favors the settlement of class actions. *See, e.g., In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc). "[T]he decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he [or she] is exposed to the litigants and their strategies, positions, and proof." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal citations and quotations omitted). To grant final approval of a settlement, "Fed. R. Civ. P. 23(e) requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Id*. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Id.* In making this assessment, courts must balance several similar factors, including the *Hanlon* or *Churchill* factors, set forth below.

The Court's role in reviewing "what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is

fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. To "smoke out potential collusion" and determine whether the settlement is "adequate" the Court must "balance the 'proposed award of attorney's fees' vis-à-vis the 'relief provided for the class.'" *Briseno v. Henderson*, 998 F.3d 1014, 1023-24 (9th Cir. 2021) (quoting Fed. R. Civ. P. 23(e)(2)(c)(iii)). To scrutinize attorney's fee arrangements, district courts should apply the factors established in *Bluetooth*. *See Briseno*, 998 F.3d at 1026. The "red flags" identified in *Bluetooth* that may lead to a determination that the settlement is inadequate are: (1) when class counsel receives "'a disproportionate distribution of the settlement'"; (2) when there is a clear sailing provision "under which the defendant agrees not to challenge a request for an agreed-upon attorney's fee"; and (3) when the settlement contains a reverter allowing unawarded fees to return to the defendant and not the class. *Id.* at 1023 (quoting *Bluetooth,* 654 F.3d at 947). The presence of any of the *Bluetooth* factors does not create "an independent basis for withholding settlement approval." *Id.* at 1027.

The proposed Settlement meets the requirements for final approval.

**VI.   THE AGREEMENT IS FAIR AND REASONABLE**

  **A. A presumption of fairness applies to the Settlement**

The Settlement is presumptively fair as (1) it is the result of arms' length negotiations, (2) there has been investigation and discovery sufficient to permit counsel and the court to act intelligently, and (3) counsel are experienced in similar litigation. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (stating that the Ninth Circuit "put[s] a good deal of stock in the product of an arm's-length, non-collusive, negotiated resolution"); *see also id.* at 967 ("Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation."); *Nat'l Rural Telecomms. Coop. v. DIRECTV*, *Inc.,* 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("*DIRECTV*") (explaining that class settlements are presumed fair when they are reached "following sufficient discovery and genuine arms-

length negotiation"); *Stewart v. Applied Materials, Inc.*, No. 15-cv-02632-JST, 2017 WL 3670711, at *6 (N.D. Cal. Aug. 25, 2017) (explaining that "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness").

### 1. The Settlement was negotiated at arm's length.

The Settlement was negotiated at arm's length during two all-day mediation sessions before Judge Infante of JAMS and weeks of negotiations. Zavareei Prelim. Approval Decl. ¶¶ 3-6. *See Adams v. Inter-Con Sec. Sys. Inc.*, No. C-06-5428 MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."). Additionally, the Parties did not discuss attorneys' fees or a Service Award until after they had agreed upon the material terms of the Settlement. Zavareei Prelim. Approval Decl. ¶ 8. Thus, nothing should disturb the Court's preliminary determination that the proposed Settlement is the product of hard-fought settlement discussions and negotiations between Ms. Silveira and M&T.

### 2. The Settlement followed extensive investigation and discovery.

Before agreeing upon the terms of the Settlement, the Parties conducted a thorough examination and investigation of the facts and law in this litigation. In advance of mediation, M&T provided informal discovery, which included information similar to what Class Counsel would have sought through the formal discovery process. The informal discovery included information regarding the size of the Settlement Class and the amount of Pay-to-Pay Fees collected by M&T during the preceding several years. Zavareei Prelim. Approval Decl. ¶¶ 3, 6. As a result, Class Counsel are well versed in the novel and complex issues raised in this case.

### 3. Experienced Class Counsel negotiated the Settlement

Class Counsel have extensive experience in complex litigation, consumer rights, and other class action litigation. Zavareei Prelim. Approval Decl., Exs. 2-3. Based on their experience, including comparable cases that they have settled, Class Counsel concluded

that the Settlement provides exceptional results for the class while sparing the class from the uncertainties of continued and protracted litigation. Zavareei Prelim. Approval Decl. ¶¶ 9-12.

### B. The Settlement is Adequate Under *Briseno*

The Settlement Agreement reached by the parties here is adequate in accordance with *Briseno v. Henderson,* 998 F.3d at 1026-28. Namely, it avoids all of the red flags of a class settlement discussed in *Bluetooth*. First, as discussed in more detail in Ms. Silveira's July 21, 2021 Motion for Fees, Costs, and Service Award, Class Counsel does not receive a disproportionate amount of the Settlement Fund when compared to the benefit to the class. Rather, they seek a fee of 25% of the Common Fund, which is within the range of reasonableness. *See Six Mexican Workers v. Az. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) ("In *Graulty*, we established 25 percent of the fund as the 'benchmark' award that should be given in common fund cases."). *See also* ECF No. 37. Second, there is no clear sailing provision. Third, under no circumstances will any of the Settlement Fund revert back to M&T. None of the factors that might prevent this court from finding that the Settlement is adequate under *Briseno* are present.

### C. Additional criteria favor approval of the Settlement

Although there is an initial presumption of fairness, the Court must independently analyze the Settlement to determine whether it is in the best interests of the class, considering:

> [t]he strength of plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1026). Each of these factors weighs in favor of finally approving the Settlement.

1. The Settlement provides substantial relief to the Class.

The Settlement provides substantial monetary relief to the Class. Ms. Silveira secured a common fund of $3,325,000 which constitutes approximately 34.7% of the total $9,581,409.20 Pay-to-Pay Fees the Settlement Class paid to M&T during the Class Period. Agreement § 3. Each of the Settlement Class Members are entitled to receive monetary benefits from the Net Settlement Fund on a pro rata basis, based upon the amount of Pay-to-Pay Fees paid by each Settlement Class Member during the Class Period. Agreement § 5.

Moreover, this litigation caused M&T to voluntarily change its practices with respect to Pay-to-Pay Fees. As of March 2020, M&T has voluntarily ceased charging or collecting Pay-to-Pay Fees to any borrower in the United States, while still offering borrowers the option to make payments online or over the phone. Assuming the same rates of usage of these payment options over the last sixteen months as compared to the Class Period, Settlement Class Members have saved approximately $2.6 million since M&T stopped charging Pay-to-Pay Fees, and may continue to save $2 million a year going forward. July 21, 2021 Declaration of Hassan A. Zavareei, ECF No. 37-2 ("Zavareei Fees Decl.") ¶ 5. Thus, this litigation achieved additional, valuable benefits for the Settlement Class.

2. The Settlement eliminates the risk of no recovery.

While the Settlement in this case would provide benefits to the class that are certain, if Ms. Silveira continued to litigate this case, the class would likely not see any recovery for several more years, and there is a risk that there would never be any recovery at all. The potential risks and duration of further litigation therefore support final approval. Courts have long recognized the inherent risks and "vagaries of litigation," and emphasized the comparative benefits of "immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *DIRECTV*, 221 F.R.D. at 526; *see also In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D.

299, 318 (N.D. Cal. 2018) (delay in recovery as a result of trial and appellate proceedings weighs in favor of final approval where "[s]ettlement provides the Class with timely, certain, and meaningful recovery").

Here, Ms. Silveira and the Settlement Class Members face substantial risks. Indeed, as discussed in the July 21, 2021 Motion for Fees, Costs, and Service Award, district courts have split on the threshold legal question here of whether the Pay-to-Pay fees are prohibited by state and federal debt collection statutes and the borrowers' mortgage agreements. See ECF No. 37, pp. 10-11 (citing cases). This question is on appeal in both the Fourth and Ninth Circuit, which increases the possibility of a circuit split and Supreme Court review. While Ms. Silveira believes that her view of the law will ultimately be endorsed by appellate courts, to get there, this case could have been stayed and taken years to achieve full recovery. By settling now in the early stages, this risk as well as the risks and costs associated with expert discovery and litigating additional dispositive motions and a motion for class certification can be avoided. Zavareei Prelim. Approval Decl. ¶¶ 16, 22.

Moreover, early resolution conserves resources and leaves more funds available for Settlement Class Members. Had litigation progressed, the Parties would need to resolve discovery disputes and incur the expense and burden of preparing for trial. Even if Ms. Silveira succeeded at class certification and on the merits, any recovery would likely be delayed by appeals. Yet there is no guarantee that lengthy litigation and expensive discovery would lead to greater benefits for the Settlement Class Members. *Id.* Instead, there would be multiple points at which the Class's claims could be narrowed or dismissed. *Id.* ¶ 16. Thus, the Settlement eliminates the various risks including complete lack of recovery which is possible with further litigation.

3. <u>The Settlement compares favorably to potential relief.</u>

A proposed settlement is not to be measured against "a hypothetical or speculative measure of what might have been achieved." *Officers for Justice*, 688 F.2d at 625; *see*

*also DIRECTV*, 221 F.R.D. at 527 ("[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial."); *Custom LED, LLC v. eBay, Inc.*, No. 12-cv-00350-JST, 2014 WL 2916871, at *4 (N.D. Cal. June 24, 2014) ("[C]ourts have held that a recovery of only 3% of the maximum potential recovery is fair and reasonable . . . .").

Here, besides its substantial size in absolute numbers, the Settlement is fair and reasonable in relation to the Settlement Class's potential damages. The Settlement Fund is exactly 34.7% of the total amount of Pay-to-Pay Fees collected by M&T during the Class Period, an impressive percentage that is in line with other court-approved settlements involving similar fees. *See, e.g.*, *McWhorter v. Ocwen Loan Servicing, LLC*, No. 2:15-cv-1831, 2017 WL 4304625 (N.D. Ala. Sept. 28, 2017) (granting final approval of a settlement creating a $9.7 million common fund, representing 30% of the total fees collected); *Sanders v. LoanCare, LLC*, No. 2:18-cv-09376-PA (RAOx) (C.D. Cal. Dec. 4, 2020) (granting final approval of settlement creating a $3.4 million common fund, representing 38.64% of the total fees collected from the class members); *Garcia v. Nationstar Mortgage LLC*, No. 2:15-cv-01808 TSZ (W.D. Wash.) (granting final approval of a $3.875 common fund, representing 33% of the total amount of fees collected from class members); *Montesi v. Seretus, Inc.*, No. 2015CA010910, 2020 WL 1951751 (Fla. Cir. Ct. Apr. 1, 2020) (granting final approval of $1.75 million settlement, representing 36.4% of total collected fees).

As discussed above, this lawsuit also caused M&T to cease charging or collecting Pay-to-Pay Fees beginning in March 2020, which has saved Class Members approximately $2.6 million. Zavareei Fees Decl. ¶ 5. Assuming the practice continues, the Class Members can expect to save approximately $2 million per year going forward. *Id.* Accordingly, the relief provided by the Settlement favors final approval.

### 4. The Settlement enjoys overwhelming class support.

In determining the fairness of a settlement, the Court should consider class member objections. The absence of a large number of objections to a proposed settlement raises a strong presumption that the terms of the agreement are fair. *See, e.g., Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 577 (9th Cir. 2004) (approving a settlement where "only 45 of the approximately 90,000 [.005 percent] notified class members objected to the settlement"). As of the end of the opt-out and objection deadline on August 3, 2021 only ten of the 112,316 Class Members opted out of the settlement and none of the Class Members objected to the settlement. Azari Decl. ¶ 19. Indeed, the absence of any objections from Class Members who received notice and the small number of opt-outs indicates overwhelming favor from the Class.

This support is particularly notable given that over 1,632 class members contacted the Settlement Administrator directly via telephone, with over 1,507 unique visitors to the Settlement Website. *Id.* ¶¶ 16, 17. The lack of opt-outs when paired with the response rate, also indicate a favorable reaction by the class members to the proposed Settlement and provide further support for final approval. *See, e.g.*, *Perkins v. LinkedIn Corp.*, No. 5:13-cv-04303-LHK, 2016 WL 613255, at *3 (N.D. Cal. Feb. 16, 2016) ("low rates of objections and opt-outs are 'indicia of the approval of the class'") (citation omitted); *In re: Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (low number of objectors (a "handful") and opt-outs (only one) supported trial court's finding that settlement was "fair, adequate and reasonable"); *Hanlon*, 150 F.3d at 1027 (9th Cir. 1998) (upholding approval of settlement where only 971 Class Members, or 0.1% of the class, opted out and only a few objected); *De Leon v. Ricoh USA, Inc.*, No. 18-cv-03725-JSC, 2020 WL 1531331, at *11 (N.D. Cal. Mar. 31, 2020) ("Courts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are

favorable to the Class Members." (internal quotation marks and citation omitted)). Additionally, because there were no objectors, objections cannot weigh against final approval.

### D. Any *Cy Pres* Award Will Benefit the Class.

To account for any money remaining in the Settlement Fund after settlement distribution, the parties will submit with M&T's joinder in this motion an agreed upon *cy pres* plan. In no event shall any remaining funds return to M&T.

## VII. THE CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES

The Parties agreed to certification of the Settlement Class, the Court conditionally certified it, and the Court should now certify it at final approval. The Settlement Class is numerous, indeed over one hundred thousand consumers received notice in this case. There are common issues concerning the issues related to M&T's practices and policies that predominate over individual issues. Ms. Silveira is typical of the Class because all of the claims against M&T arise from the same course of conduct: M&T charging borrowers a fee to make payments not authorized by borrowers' mortgages or permitted by law. Ms. Silveira has no conflicts with the class, participated in this action, and is adequate. Plaintiff's Counsel are experienced and adequate. Finally, class treatment is superior because the Parties agreed to certification of the Settlement Class (Settlement Agreement § 6.1), the Court conditionally certified it, and the Court should now certify it at final approval.

## VIII. CONCLUSION

For the reasons stated herein, Ms. Silveira respectfully requests that the Court (1) grant this Motion, (2) finally approve the proposed Settlement, (3) affirm the certification of the Settlement Class for settlement purposes only, (4) affirm the appointment of Lisa Silveira as Class Representative, (5) affirm the appointment Hassan A. Zavareei of Tycko & Zavareei LLP and James L. Kauffman of Bailey Glasser LLP as Class Counsel, (6) retain jurisdiction over this matter to resolve issues related to interpretation,

1  administration, implementation, effectuation, and enforcement of the Settlement, and (7)
2  enter Final Judgment dismissing this action. By the separate motion filed on July 21, 2021,
3  Ms. Silveira also requests that the Court grant a service award of $5,000 to the Class
4  Representative, and award Class Counsel reasonable attorneys' fees and expenses in the
5  amount of $857,172.03, as set forth in the Settlement, which shall be paid out of the
6  Settlement Fund.

Dated: August 30, 2021                                      Respectfully submitted,

/s/ Hassan A. Zavareei
Hassan A. Zavareei (SBN 181547)
Kristen G. Simplicio (SBN 263291)
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, D.C. 20036
Telephone: 202-973-0900
Facsimile: 202-973-0950
hzavareei@tzlegal.com
ksimplicio@tzlegal.com

Annick M. Persinger (SBN 272996)
TYCKO & ZAVAREEI LLP
10880 Wilshire Blvd, Suite 1101
Los Angeles, CA 90024
Telephone: 510-254-6808
Facsimile: 202-973-0950
apersinger@tzlegal.com

James L. Kauffman (*pro hac vice*)
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street, NW
Suite 540
Washington, D.C. 20007
Telephone: 202-463-2101
Facsimile: 202-463-2103

|   |   |
|---|---|
| 1 | jkauffman@tzlegal.com |
| 2 | Todd A. Walburg (SBN 213063) |
| 3 | BAILEY & GLASSER LLP |
|   | 475 14th Street, Suite 610 |
| 4 | Oakland, California 94612 |
| 5 | Telephone: (510) 207-8633 |
|   | Facsimile: (510) 463-0241 |
| 6 | twalburg@baileyglasser.com |

(Lines 7–27 blank)