JS-6
NOTE: CHANGES MADE BY THE COURT

# United States District Court
# Central District of California

| | |
|---|---|
| LISA SILVEIRA, on behalf of herself and all other similarly situated, | Case No. 2:19-cv-06958-ODW-KS |
| Plaintiff, | **ORDER GRANTING FINAL APPROVAL** |
| v. | |
| M&T BANK, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Lisa Silveira brought this putative class action suit against Defendant M&T Bank ("M&T" or "Defendant") on behalf of a class of homeowners, alleging that Defendant charged borrowers convenience fees when they made mortgage payments online and over the phone ("Pay-to-Pay Fees"). Plaintiff alleged that these fees violated the federal Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), and California's Unfair Competition Law ("UCL"), and breached contracts with the borrowers. (*See* Compl. ¶¶ 1, 3, ECF No. 1.)

The parties reached a settlement on behalf of the class, and the Court preliminarily approved the settlement and certified the class. (Order granting Prelim. Approval ("Order"), ECF No. 35.)  The parties now seek final approval of the class settlement. (Mot. for Final Approval ("Mot."), ECF No. 38.). For the reasons discussed below, the Court overrules any objections and **GRANTS** the Motion.

## II.    BACKGROUND

Plaintiff Silveira filed this lawsuit on August 9, 2019, on behalf of homeowner borrowers throughout the United States, including California, whose mortgage loans are serviced by M&T. (Compl. ¶ 36.) Silveira alleges that M&T charged her and the members of the class she seeks to represent Pay-to-Pay Fees when they made mortgage payments online or over the phone. (*Id.* ¶¶ 1-3.). Silveira alleges that M&T's conduct breached the class members' mortgage agreements and violated the FDCPA, Rosenthal Act, and UCL. (*Id.* ¶¶ 48-81.)

## III.    SETTLEMENT TERMS

The key provisions of the parties' Settlement Agreement are set forth below.

### A.    Proposed Class

On May 6, 2021, the Court preliminarily approved the settlement and certified the following class: "All borrowers with a residential mortgage loan serviced by M&T from whom M&T collected a Pay-to-Pay Fee during the period of August 9, 2015 through [the date of this Order]." (*See generally* Order.) The Class Period is from August 9, 2015 to May 6, 2021.

The Court also appointed Silveira as the class representative and her counsel as class counsel.

### B.    Settlement Fund

In full settlement of the claims asserted in this lawsuit, M&T agrees to pay $3,325,000 (the "Settlement Fund"). (SA § 1.29.) The Settlement Fund includes all shares of class members who did not request exclusion ("Settlement Class

Members"), as well as the costs of notice and administration, any service award to the class representative, and any award of attorneys' fees and expenses. (*Id.*)

Every Settlement Class Member will automatically receive a share of the Settlement Fund determined according to the proportional amount of Pay-to-Pay Fees charged to that Class Member by M&T within the class period. (*Id.* § 5.3.) Payments to Settlement Class Members shall be made per loan, such that the settlement payment on any loan with more than one Settlement Class Member borrower shall be made payable jointly to all Settlement Class Member borrowers on that loan. (*Id.* § 5.4.) Thus, for each loan for which more than one borrower on that loan is a Settlement Class Member, the Settlement Administrator shall make a single allocation to that loan payable to all co-borrower or joint borrower Settlement Class Members on that loan. (*Id.*) Payments will be made by check. (*Id.* § 5.7.)

If there is any amount in the Settlement Fund that remains following the initial distribution of checks to Settlement Class Members, that amount will be distributed on a *pro rata* basis to Settlement Class Members who cashed their initial checks. (*Id.* § 5.9.) If there is any amount remaining in the Settlement Fund after the secondary distribution, or there are not enough funds to make a secondary distribution economically feasible, then upon approval by the Court, pursuant to the *cy pres* doctrine, the remaining amount shall be paid to a 501(c)(3) charitable organization. The parties will later apprise the Court if there are remaining funds to distribute per *cy pres*, the amount of such funds, and the parties' proposed *cy pres* recipient. The Court will then determine whether to accept the proposed organization, or order the distribution of those funds to another entity.

## C.   Releases

The Settlement Agreement provides that all Class Members other than those who opted out will release M&T from:

1

2

3

4

5

6

7

8

9

> all actions, causes of action, claims, demands, obligations, or liabilities of any and every kind that were or could have been asserted in any form by Class Representative or Class Members, including but not limited to, statutory or regulatory violations, state or federal debt collection claims (including but not limited to violations of the Fair Debt Collection Practices Act and the California Rosenthal Act), unfair, abusive or deceptive act or practice claims, tort, contract, or other common law claims, or violations of any other related or comparable federal, state, or local law, statute or regulation, and any damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory penalties, attorneys' fees, costs) proximately caused thereby or attributable thereto, directly or indirectly, and any equitable, declaratory, injunctive, or any other form of relief arising thereunder, whether or not currently known, arising out of, based upon or related in any way to the collection or attempted collection of Pay-to-Pay Fees.

10

11

12

13

(*Id.* § 7.1.) Further, the Settlement Agreement provides that Settlement Class Members waive and relinquish the rights and benefits of California Civil Code section 1542 and similar provisions that may be applicable to class members residing outside of California. (*Id.* § 7.2.)

14

### D.    Notice and Response

15

16

17

18

19

20

21

22

23

Notice was sent to potential class members pursuant to the Settlement Agreement and the method approved by the Court. The Class Notice consisted of direct notice via USPS first class mail, as well as a Settlement Website where Class Members could view and request to be sent the Long Form Notice.  The Class Notice adequately described the litigation and the scope of the involved class. Further, the Class Notice explained the amount of the Settlement Fund, the plan of allocation, that Plaintiff's counsel and Plaintiff will apply for attorneys' fees, costs, and a service award, and the class members' option to participate, opt out, or object to the settlement.

24

25

26

The parties now seek final approval of the class action settlement. Plaintiff also seeks: attorneys' fees of 25% the common fund ($831,250); reimbursement of costs totaling $25,922.03; and a service award of $5,000.

27

28

## IV.    ANALYSIS

### A.    Class Certification

The Court previously found that the class merited certification for settlement purposes, and nothing has changed since the Court conditionally certified the class. Accordingly, the Court maintains its approval.

### B.    Fairness of Settlement Terms

The Court previously found that the settlement was fair, adequate, and reasonable in its preliminary approval order.

In determining whether a proposed class action settlement is "fair, reasonable, and adequate," this Court may consider some or all of the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 963 (9th Cir. 2009). The settlement is appropriate when analyzing these factors.

#### 1.    Strengths of Plaintiff's Case

Defendant denies liability in this case. Plaintiff appears to be settling disputed claims, which favors approving the settlement. "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRCTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).

#### 2.    Risk/Expense of Litigation & Status of Proceedings

Without settlement, the cost of continuing to litigate this class action would be great because of discovery and motion practice. This factor weighs in favor of approving the settlement.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.      *Risk of Maintaining Class Action Status*

Silveira sets forth her belief that if the case proceeded, M&T would likely assert that individualized issues preclude certification. However, this belief appears to be merely speculation.  The parties do not set forth any arguments suggesting that class action status is at risk.  And Defendant's apparently consistent practice of charging well-documented Pay-to-Pay Fees on thousands of loans suggests that the basic elements required for class action status are not likely to be challenged in this case.  Thus, this factor does not support approving the settlement.

### 4.      *Amount of Settlement*

The Settlement Agreement provides for a Settlement Fund of $3,325,000. (SA § 1.29.) The Settlement Fund is within the acceptable range of recovery.

### 5.      *Experience and Views of Class Counsel*

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citation omitted). Class Counsel has experience in class action litigation and has endorsed the settlement as fair, reasonable, and adequate. This factor favors final approval.

### 6.      *Presence of Government Participant*

There is no government participant in this case, so this factor is neutral.

### 7.      *Reaction of Class Members*

Only ten class members opted out of the settlement and there were no objections to the Settlement Agreement. This factor weighs in favor of granting final approval.  *See In re Omnivision*, 559 F. Supp. 2d at 1043.

On balance, these factors weigh in favor of approving the settlement.

### C.      Conclusion as to Final Approval of the Settlement.

Having considered the above factors, the Court finds that the proposed Settlement is fair, reasonable and adequate. Accordingly, the Court **GRANTS** the Motion for Final Approval of Class Action Settlement

## V.   MOTION FOR FEES, COSTS AND INCENTIVE AWARD

On July 21, 2021, Plaintiff moved for attorney fees in the amount of $831,250, reimbursement of costs totaling $25,922.03, and a service award of $5,000 for Ms. Silveira. (ECF No. 37).

The Court finds that the amount of attorney fees requested by Class Counsel to be reasonable and within the 25% benchmark established by the Ninth Circuit. *State of Fla. v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990). The Ninth Circuit has identified a number of factors that a court may consider in assessing whether an award is reasonable, including: (1) the results achieved; (2) the risk of litigation; (3) the skill required and quality of work; and (4) the financial burden carried by the plaintiff.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002).

*First*, Class Counsel achieved a settlement that represents approximately 34.7% of the maximum potential damages calculated by Class Counsel. This appears to be within the acceptable range of recovery based on other Pay-to-Pay Fee class action cases.  *See, e.g., Sanders v. LoanCare, LLC*, No. CV 18-9376 PA (RAOx), 2020 WL 8365241, at *6 (C.D. Cal. Dec. 4, 2020) (granting final approval of a settlement that represented 38.64% of the damages). Moreover, "[e]ven a fractional recovery of the possible maximum recovery amount may be fair and adequate in light of the uncertainties of trial and difficulties in proving the case." *Millan v. Cascade Water Servs.*, 310 F.R.D. 593, 611 (E.D. Cal. 2015). Here, the Settlement Fund provides the class members with a significant benefit they would not otherwise receive because "recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis."  *Wolin v. Jaguar Land Power North America, LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). Additionally, M&T has stopped charging Pay-to-Pay Fees as a result of this lawsuit. This factor therefore supports the benchmark 25% fee request.

*Second*, Plaintiff argues that there is risk associated with litigating because of the uncertain legality of Pay-to-Pay Fees and various district courts' inconsistent treatment of these Fees. Plaintiff also asserts that the question of whether such fees violate federal and state law is currently being decided by the Ninth Circuit, creating risk of no recovery for the class. Thus, the risk associated with litigating this case supports an upward departure from the benchmark 25% fee request.

*Third*, Class Counsel states that they have considerable experience litigating and settling class action lawsuits. However, based on Class Counsel's own descriptions, the work performed supports a finding that this case required standard or average skill. Additionally, some of the hours Class Counsel expended were required to remedy the deficiencies in their First Motion for Settlement Approval by drafting their Amended Motion for Settlement Approval. Class Counsel's total of 496.1 billed hours therefore appears to be somewhat excessive for these standard tasks. This factor therefore supports the standard 25% request.

*Fourth*, Class Counsel took this case on a contingent basis. "Courts have long recognized that the attorneys' contingent risk is an important factor in determining the fee award and may justify awarding a premium over an attorney's normal hourly rates." *Monterrubio v. Best Buy Stores*, L.P., 291 F.R.D. 443, 457 (E.D. Cal. 2013); *see also Omnivision*, 559 F. Supp. 2d at 1047 (finding that the continent nature of a case justifies a larger fee). Accordingly, this factor supports an upward departure from the fee request.

*Finally*, the Court finds that the amount of attorney's fees requested by Class Counsel also to be reasonable based on Class Counsel's lodestar, which may be used as a "cross-check to assess the reasonableness of the percentage award." *Weeks v. Kellogg Co.*, 2013 WL 6531177, *25 (C.D. Cal. Nov. 23, 2013). Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative "multiplier to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues,

the results obtained and the contingent risk presented." *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 26 (2000); *see also Walsh v. Kindred Healthcare*, 2013 WL 6623224, *3 (N.D. Cal. Dec. 16, 2013) (citing *Lealao's* method with approval).

Class Counsel submitted evidence that their lodestar through July 16, 2021 (three business days before the date of their fee application) was $328,883.90. Although opinions may vary about the reasonableness of Class Counsel's rates, the Court accepts them as reasonable solely for purposes of this cross-check. However, the Court finds that the total hours billed (496.1) is excessive for the nature and extent of the work—particularly since this matter settled prior to formal discovery. The Court therefore implements a 10% reduction in the hours, resulting in a $295,995.51 lodestar.

Class Counsel's requested fee award with the Court's 10% reflects a fee multiplier of 2.8, which is within the acceptable range. *See, e.g., Rodriguez v. Marshalls of CA, LLC*, No. EDCV181716MWFSPX, 2020 WL 7753300, at *10 (C.D. Cal. July 31, 2020) (granting multiplier where risks to the litigation made an unfavorable outcome uncertain); *Dyer v. Wells Fargo Bank, N.A.,* 303 F.R.D. 326, 334 (N.D. Cal. 2014) ("A 2.83 multiplier falls within the Ninth Circuit's presumptively acceptable range of 1.0–4.0.").

Under the lodestar method, Class Counsel's fee request is high but not unacceptable. Under the percentage method, Class Counsel's fee request appears to be reasonable and several factors even support an upward departure from the 25% fee request. Therefore, on balance, the 25% fee request ($831,250) is reasonable.

Class Counsel are also entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters.); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving reasonable costs

in class action settlement). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, class counsel seeks reimbursement of $25,922.03 in litigation expenses, which includes the cost of a private mediator. They have provided records that document their claim. *See* ECF No. 37-2; ECF No. 37-3 ¶ 28. The court therefore finds that these submissions support an award of $25,922.03 in costs.

The Court finds that Plaintiff's requested service award of $5,000 is reasonable in light of the time Plaintiff spent and risks she took in bringing and participating in the litigation. Further, the Court finds that a service award of $5,000 is consistent with reasonable and just service awards in the Ninth Circuit. *See In re Mego Financial Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (upholding award to named plaintiff $5,000 in case with $1.725 million total recovery); *Willner v. Manpower Inc.*, No. 11-CV-02846-JST, 2015 WL 3863625, at *8 (N.D. Cal. June 22, 2015) ("Many courts in the Ninth Circuit have also held that a $5,000 incentive award is "presumptively reasonable.") (citations omitted).

## VI.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Final Approval of Class Settlement (ECF No. 38). The Court **GRANTS** the Motion for Attorneys' Fees, Costs and Incentive Award (ECF No. 37) and approves: (1) $831,250 for attorney fees to Class Counsel; (2) 25,922.03 for attorney costs to Class Counsel; and (3) $5,000 for a service award to the class representative.

//

//

//

1        The entire action and all claims asserted therein are hereby **DISMISSED**

2   **WITH PREJUDICE** and all dates and deadlines in this action are **VACATED** and

3   taken off calendar. The Clerk of the Court shall close this case.

4

5      **IT IS SO ORDERED.**

6

7      Dated: October 12, 2021        _____

8                                 **OTIS D. WRIGHT, II**

                     **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28